188 January 10, 2024 No. 22

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jordan WINTERS,
Rachel Winters, Justin Greene,
Nicole Ralston, Carl Coffman,
Paul Koepke, Carrie Koepke, and
Cascadia Investment Properties,
*Petitioners,*

*v.*

TILLAMOOK COUNTY,
*Respondent.*

Land Use Board of Appeals
2023030; A182566

Argued December 13, 2023.

Heather A. Brann argued the cause for petitioners. On the brief were David Petersen, Sasha A. Petrova, Danny Newman, and Tonkon Torp LLP.

Daniel Kearns argued the cause for respondent. Also on the brief was Reeve Kearns PC.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA). In that order, LUBA granted Tillamook County's motion to dismiss for lack of jurisdiction petitioners' appeal of Tillamook County Order 22-033, which temporarily paused the county's processing of applications for new short-term rental (STR) permits. In response to the county's motion, petitioners asserted two bases for LUBA's jurisdiction to hear the appeal. First, petitioners contended that the county's order was a "moratorium on construction or land development" under ORS 197.520(1) which LUBA has jurisdiction to review pursuant to that statute. Second, petitioners contended that the county's order was a "land use decision" under ORS 197.015(10), which LUBA has exclusive jurisdiction to review pursuant to ORS 197.825(1), because the order amended Tillamook County's Ordinance 84 (2017) (Ordinance 84).[1] LUBA concluded that the order was neither a development "moratorium on construction or land development," nor a "land use decision" as defined by statute. Petitioners challenge both of those conclusions before us. Reviewing to determine whether LUBA's order is "unlawful in substance," ORS 197.850(9)(a), we affirm.

As to petitioners' assertion that the county's order was a moratorium, LUBA concluded that the order did not meet the statutory definition of a moratorium because the temporary suspension of STR permit processing did not involve either "construction or land development," ORS 197.250(1), or "the subdivision or partitioning of, or construction on, any land." ORS 197.524(1). LUBA reasoned that the county's order did not affect petitioners' ability to build the dwellings they intended to use as STRs.

As to petitioners' assertion that the county's order was a land use decision, LUBA concluded that the order did not meet the statutory definition of a "land use decision"

---

[1] Ordinance 84 required owners of dwelling properties to obtain and pay for a permit to use the dwelling as an STR. Petitioners argued before LUBA that Ordinance 84 included standards for implementing housing elements of the county's comprehensive plan such that LUBA had jurisdiction to review their appeal as a land use decision. LUBA rejected that argument for the reason stated in this opinion.

because the order did not adopt, amend, or apply a statewide planning goal, a provision of the county's comprehensive plan, or a land use regulation as defined by statute. ORS 197.015(10)(a)(A) and (11). Indeed, contrary to petitioners' argument that the county's order was a land use decision because it amended Ordinance 84, the fact that a local government includes something in ordinances that the county characterizes as "land use" ordinances is not determinative of whether a particular decision is a "land use decision" subject to LUBA's review. *See Ramsey v. City of Portland*, 30 Or LUBA 212, 217 (1995) (requiring a "clear" connection between the county ordinance alleged to be a land use decision and the county's comprehensive plan for LUBA to have jurisdiction to review county decisions related to the ordinance); *Friends of Yamhill County v. Board of Commissioners*, 351 Or 219, 251-52, 264 P3d 1265 (2011) (noting that, although LUBA opinions are not binding authority on the courts, its decisions are relevant for persuasive value).

Having reviewed the county's order, the parties' arguments about that order, and LUBA's decision, we are not persuaded that LUBA's determinations were erroneous. We therefore affirm.

Affirmed.